**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHARLES A. ELLINGBERG,  #1175536, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1817-M |
| | ) | ECF |
| BENJAMIN BONYA, #7976, Dallas Police | ) | |
| Officer, | ) | |
| Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Defendant is Dallas Police Officer Benjamin Bonya. The Court did not issue process in this case, pending preliminary screening.

Statement of Case: At the time of Plaintiff's arrest on June 5, 2002, Defendant allegedly confiscated $365.00 from a baseball cap in Plaintiff's truck. Plaintiff unsuccessfully explained to Defendant that the money came from his unemployment check as evidenced by the check stub in his truck. Plaintiff later sought the return of his money from the Dallas Police Department, who informed him to obtain a court order releasing funds. Although Plaintiff filed a motion

seeking release of funds, he claims the state court failed to respond to his motion. The complaint

requests the return of the $365.00 with interests.

Findings and Conclusions: The Court permitted Plaintiff to proceed *in forma pauperis*.

His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening

responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which *a prisoner* seeks redress from a governmental entity or
> officer or employee of a governmental entity [and] [o]n review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim
> upon which relief may be granted; or (2) seeks monetary relief from a defendant
> who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable

to all *in forma pauperis* actions).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court

finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be

granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

The lengthy delay between Plaintiff's arrest on June 5, 2002, and the filing of Plaintiff's

complaint on October 16, 2007, prompts consideration of the timeliness of this action.[1] *See*

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a

complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of

---

[1]     Pursuant to *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), which relied
on *Houston v. Lack*, 487 U.S. 266 (1988), a *pro se* prisoner complaint is deemed filed when the
prisoner tenders it to prison officials for mailing. Here Plaintiff signed his complaint on October
16, 2007. (Complaint at 5).

limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)); *see also*

*Gonzales v. Wyatt*, 157 F.3d 1016, 1019-1020 (5th Cir. 1998) (same). In Texas, § 1983 actions

are governed by the two-year personal injury limitations period. *Owens v. Okure*, 488 U.S. 235,

249-50 (1989)*; Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Piotrowski v. City of*

*Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)

(Vernon Supp. 2007).

Under the facts presented in the complaint, Plaintiff's claim against Defendant Bonya

accrued on the date of his arrest on June 5, 2002. Plaintiff does not allege that he did not know

of the injuries that are the basis for his claim against Defendant or that, if not tolled, the

limitations period did not begin to run on that date. It is clear, therefore, that the limitations

period began to run on June 5, 2002, and expired two years later on June 5, 2004. Therefore,

Plaintiff's complaint is untimely by more than three years and it should be dismissed.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED

with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 1st day of November, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.